UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:20-cv-60884

LIORBIS GONAZALEZ, *individually
and on behalf of all others similarly situated*;

                Plaintiff,                    COLLECTIVE ACTION
                                                  REPRESENTATION

vs.

TWIN STONE DESIGNS AND INSTALLATION
INC.; MAYRA PARENTE, *individually*; and
PLINIO MEDINA, *individually*,

                Defendants.

### COLLECTIVE ACTION COMPLAINT

Plaintiff, Liorbis Gonzalez, individually and on behalf of himself all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.    This lawsuit seeks to recover overtime wage and other damages for Plaintiff and his similarly situated co-workers – installers, finishers, helpers, and other manual workers (hereinafter "Laborers") who work or have worked at all Twin Stone Designs and Installation Inc. job sites over the last three years.

2.    Owned and operated by Twin Stone Designs and Installation Inc., Mayra Parente, and Plinio Medina (collectively, "Twin Stone" or "Defendants"), Twin Stone is a multi-million dollar company that "specializes in all aspects of natural stone and tile."[1]

---

[1] *See* About Us: Twin Stone Website, *available at* https://www.twinstonemarble.com/about-us.html (last accessed April 28, 2020).

1

3. Based out of Hollywood, Florida, Twin Stone supplies natural stone and tile materials and installation services to construction projects throughout Florida and around the United States. In this regard, Twin Stone's website describes that the company's "prestigious developments are found today in Florida, Tennessee and Houston."[2]

4. In addition to the production and fabrication of stone materials, Twin Stone's website also touts its interior installation service: "Interior installations are at the core of Twin Stone. Installing over 6.5 millions square feet of flooring and wall coverings in the past 15 years . . . Twin Stone has an edge unparalleled by any other installation contractor."[3] Twin Stone also touts that "[t]ogether, with teams of up to 100 installers, we are able to handle any scope of work, allowing owners to position the perfect crews for each job. From 5-star hotels to celebrity homes, the capacity of Twin Stone's interior department is unsurpassed."[4]

5. To carry out their services, Twin Stone utilizes teams of Laborers who are assigned to various job sites in and outside of Florida. These Laborers are supervised by Twin Stone supervisors and are otherwise controlled by Twin Stone in all material aspects of their employment.

6. For instance, Laborers apply for employment at Twin Stone's central office. Upon hiring, Twin Stone assigns Laborers to specific job sites, supervises the work of Laborers on a daily basis through its supervisors, provides the materials necessary to perform the jobs assigned and many of the tools necessary to do so, controls Laborers' rates of pay, provides Twin Stone uniforms, receives and processes records of hours worked by its Laborers, and directly pays

---

[2] *Id.*
[3] *See* Specialties: Twin Stone Website, *available at* https://www.twinstonemarble.com/specialties.html (last accessed April 28, 2020).
[4] *Id.*

Laborers for their work performed.

7. As a result, Plaintiff and similarly situated Laborers are employees of Twin Stone under the FLSA.

8. Defendants paid Plaintiff and others similarly situated Laborers by either production (*i.e.* – by the square feet of material installed) or by the hour.

9. Despite being non-exempt employees, Defendants have failed to properly pay Plaintiff and other Laborers overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week. More specifically, Defendants pay Laborers "straight time" for their overtime hours worked.

10. Plaintiff brings this action on behalf of himself and similarly situated current and former Laborers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## THE PARTIES

**Plaintiff**

**Liorbis Gonzalez**

11. Gonzalez is an adult individual who is a resident of Miami-Dade County, Florida.

12. Gonzalez was employed by Defendants from approximately January 2018 through June 2018, then again from October 2018 through January 2020.

13. From January 2018 through June 2018, Gonzalez was assigned to Defendants' job site located at the J.W. Marriott Nashville, 201 8th Avenue South, Nashville, Tennessee 37203. From approximately October 2018 through the end of his employment, Gonzalez was assigned to

Defendants' job site located at the Seminole Hard Rock Hollywood Hotel & Casino, 1 Seminole Way, Davie, Florida 33314.

14. Gonzalez is a covered employee within the meaning of the FLSA.

15. A written consent form for Gonzalez is being filed contemporaneously with this Complaint.

**Defendants**

16. Defendants Twin Stone Designs and Installation Inc. have jointly employed Plaintiff and similarly situated employees at all times relevant.

17. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

18. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA.

**Twin Stone Designs And Installation Inc.**

19. Together with the other Defendants, Twin Stone Designs and Installation Inc. has owned and operated Twin Stone during the relevant time period.

20. Twin Stone Designs and Installation Inc. is a domestic corporation organized and existing under the laws of Florida. It lists its principal and mailing address of 821 N. 21$_{st}$ Avenue, Hollywood, Florida 33020. It lists Mayra Parente as its registered agent and officer, and also lists Plinio Medina as an officer.

21. At all relevant times, Twin Stone Designs and Installation Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

22.     Based on information and belief, Twin Stone Designs and Installation Inc. owns and operates the business' website, www.twinstonemarble.com, which provides information about the company, the company's history, and information of services offered.

23.     Twin Stone Designs and Installation Inc. applies the same employment policies, practices, and procedures to all Laborers across Twin Stone job sites, including policies, practices, and procedures with respect to payment of minimum and overtime wages.

24.     At all relevant times Twin Stone constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA.  Specifically, Twin Stone Designs and Installation Inc. has had an annual gross volume of sales in excess of $500,000 and employs more than 2 employees. Twin Stone Designs and Installation Inc. has also admitted in past litigation to having an annual gross volume of sales in excess of $500,000 and employing more than 2 employees.  *See Mancia v. Twin Stone Designs and Installations, Inc.*, No. 1:15-cv-23376, ECF No. 1 ¶ 7, No. 7 ¶ 7 (S.D. Fla.).

**Mayra Parente**

25.     Upon information and belief, Mayra Parente ("Parente") is a resident of the State of Florida.

26.     At all relevant times, Parente has been a co-owner and co-operator of Twin Stone. In this regard, Parente is listed as the Registered Agent and an officer for Twin Stone Designs and Installation, Inc. in the Florida Department of Corporation records.

27.     Parente maintains a direct and significant management role in Twin Stone.  In this regard, Parente admits in past litigation that she "regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and controlled the finances and operations of Twin Stone, both directly and through Twin Stone's

5

supervisors at various project sites . . . ." *See Mancia v. Twin Stone Designs and Installations, Inc.*, No. 1:15-cv-23376, ECF No. 1 ¶ 11, No. 7 ¶ 11 (S.D. Fla.).

28. At all relevant times, Parente has had the power over payroll decisions at Twin Stone, including the power to retain time and/or wage records.

29. At all relevant times, Parente has been actively involved in managing the day to day operations of Twin Stone.

30. At all relevant times, Parente has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at Twin Stone.

31. At all relevant times, Parente has had the power to transfer the assets and/or liabilities of Twin Stone.

32. At all relevant times, Parente has had the power to declare bankruptcy on behalf of Twin Stone.

33. At all relevant times, Parente has had the power to enter into contracts on behalf of Twin Stone.

34. At all relevant times, Parente has had the power to close, shut down, and/or sell Twin Stone.

35. Parente is a covered employer within the meaning of the FLSA, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Plinio (Ignacio) Medina**

36. Upon information and belief, Plinio (Ignacio) Medina ("Medina") is a resident of the State of Florida.

37. At all relevant times, Medina has been a co-owner and co-operator of Twin Stone. In this regard, Twin Stone's website identifies Medina and "the Medina family" as owning and

operating Twin Stone. Specifically, the website states that "The Medinas personally oversee all aspects of the business, everything from design development, to material procurement, inspections, final installation through turn over. IT is why they take their business so personal!"[5]

38. Medina maintains a direct and significant management role in Twin Stone. In this regard, Medina admits in past litigation that he "regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and controlled the finances and operations of Twin Stone, both directly and through Twin Stone's supervisors at various project sites . . . ." *See Mancia v. Twin Stone Designs and Installations, Inc.*, No. 1:15-cv-23376, ECF No. 1 ¶ 11, No. 7 ¶ 11 (S.D. Fla.).

39. At all relevant times, Medina has had the power over payroll decisions at Twin Stone, including the power to retain time and/or wage records.

40. At all relevant times, Medina has been actively involved in managing the day to day operations of Twin Stone.

41. At all relevant times, Medina has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at Twin Stone.

42. At all relevant times, Medina has had the power to transfer the assets and/or liabilities of Twin Stone.

43. At all relevant times, Medina has had the power to declare bankruptcy on behalf of Twin Stone.

44. At all relevant times, Medina has had the power to enter into contracts on behalf of Twin Stone.

---

[5] *See* About Us: Twin Stone Website, *available at* https://www.twinstonemarble.com/about-us.html (last accessed April 28, 2020).

45. At all relevant times, Medina has had the power to close, shut down, and/or sell Twin Stone.

46. Medina is a covered employer within the meaning of the FLSA, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISIDICTION AND VENUE

47. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

48. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

49. In addition, this Court has supplemental jurisdiction over Plaintiff's common law claims, pursuant to 28 U.S.C. § 1367(a), because those claims derive from a common nucleus of operative facts.

50. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Defendants' principal place of business is in this District.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as installers, finishers, helpers, and other manual workers (hereinafter "Laborers") at Twin Stone job sites companywide from May 1, 2017 and the date of final judgment who elect to opt-in to this action (the "FLSA Collective").

## PLAINTIFF'S FACTUAL ALLEGATIONS

52. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Liorbis Gonzalez**

53. Gonzalez was employed by Defendants from approximately January 2018 through June 2018, then again from October 2018 through January 2020.

54. From January 2018 through June 2018, Gonzalez was assigned to Defendants' job site located at the J.W. Marriott Nashville, 201 8th Avenue South, Nashville, Tennessee 37203. From October 2018 through the end of his employment, Gonzalez was assigned to Defendants' job site located at the Seminole Hard Rock Hollywood Hotel and Casino, 1 Seminole Way, Davie, Florida 33314.

55. During his employment, Gonzalez generally worked the following scheduled hours, unless he missed time for vacation, sick days, and/or holidays, or was required to stay past his usual scheduled shift time:

> (a) Between 5 to 7 days per week, consisting of work shifts lasting approximately 8 to 10 hours in length, for an average of 55 hours per week.

56. Throughout his employment with Defendants, Defendants treated Gonzalez as a non-exempt employee, and failed to pay him time and a half for hours worked over forty in a week.

57. In this regard, during his time working in Nashville and in Florida through December 2018, Defendants paid Gonzalez on a piece rate basis, of approximately $2 to $3 per square foot of marble or tile installed at the job sites.

58. Beginning in January 2019, Defendants began to pay Plaintiff on an hourly basis – specifically, $25 per hour.

59. Throughout Plaintiff's employment, Defendants controlled all material aspects of his employment. In this regard, Plaintiff applied for work at Twin Stone's central office, Twin Stone controlled his job site assignments and schedules, Twin Stone directly and constantly supervised his

work at the job sites, and Twin Stone provided uniforms and other materials necessary for his work. Moreover, in or around October 2018, Plaintiff received paychecks directly from Twin Stone.

60. Despite working over 40 hours and being a non-exempt employee, Defendants did not pay 1.5 times his regular rate of pay for all overtime hours worked.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brough on behalf of Plaintiff and the FLSA Collective)**

61. Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

62. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

63. Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay– for all hours worked beyond 40 per workweek.

64. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Laborers who are presently, or have at

any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at any Twin Stone jobsite. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.  Unpaid overtime wages, and an additional and equal amount as liquidated damages, pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.  Reasonable attorneys' fees and costs of the action; and

D.  Such other relief as this Court shall deem just and proper.

Dated:  May 1, 2020

Respectfully submitted,

/s/ Armando A. Ortiz
Armando A. Ortiz


**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac motion forthcoming*
Armando A. Ortiz (FBN: 0102778)
28 Liberty Street 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Collective*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.  Doy mi consentimiento para ser parte demandante en una demanda contra TWIN STONE DESIGNS y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.  Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_Scott_
Liorbis (Feb 25, 2020)
_____
Firma (Signature)


Liorbis
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))